UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT MANETTI, et al.,<br><br>     Plaintiff,<br><br>v.<br><br>NARRAGANSETT BAY INSURANCE COMPANY,<br><br>     Defendant. | Civil Action No. 14-1573 (JAP)<br><br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

      This matter has been brought before the Court upon a motion by Defendant Narragansett Bay Insurance Company ("Narragansett") seeking the dismissal of the Complaint filed by Plaintiffs in the above-captioned matter pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A) as well as the imposition of Narragansett's reasonable expenses, including attorneys' fees, on Plaintiffs pursuant to Rule 37(b)(2)(C). [Docket Entry No. 8]. Plaintiffs have not opposed Narragansett's motion. For the reasons that follow, it is respectfully recommended that Narragansett's motion be GRANTED and that this matter be DISMISSED WITH PREJUDCIE.

**BACKGROUND AND PROCEDURAL HISTORY**

      On March 11, 2014, Narragansett removed this case from the Ocean County Superior Court of New Jersey. [Docket Entry No. 1]. This matter involves a breach of insurance contract claim stemming from Hurricane/Superstorm Sandy. After the matter was removed, the Court entered a Letter Order setting a discovery schedule to govern this case. (*See* Letter Order of 3/18/2014; Docket Entry No. 3). According to the Order entered by the Court, the parties were to exchange Initial Disclosures no later than April 4, 2014 and all fact discovery was to be completed by July 14, 2014. (*Id.*)

Narragansett timely served Plaintiffs with its Rule 26(a)(1) Initial Disclosures. Plaintiffs did not and, in fact, to date still have not served Narragansett with their Initial Disclosures. Despite having never received Plaintiffs' Initial Disclosures, on March 28, 2014, Narragansett served Plaintiffs with requests for discovery, including its First Set of Interrogatories and Requests for Production of Documents. Plaintiffs failed to timely respond to Narragansett's discovery demands. As such, Narragansett wrote to Plaintiffs, requesting that they provide their overdue discovery responses and Initial Disclosures. Plaintiffs failed to respond to Narragansett's letter. As a result, on May 15, 2014, Narragansett wrote to the Court seeking its assistance in compelling Plaintiffs to provide their overdue discovery.

In response to Narragansett's letter of May 15, 2014, the Court emailed Plaintiffs, copying Narragansett. (*See* Email from Andrew Bradford to Vern Pedro of 5/20/2014). In that correspondence, the Court instructed Plaintiffs to "either write to inform [the Court] if there is an issue or, if none exists, to provide the [outstanding discovery] responses to Defendant." (*Id*.) Plaintiffs did not respond to the Court's email. Having heard nothing from Plaintiffs, the Court contacted Narragansett to see if Plaintiffs had produced the outstanding discovery or otherwise had responded to it. (*See* Email from Andrew Bradford to Eric Konecke of 6/4/2014). Narragansett responded that while it had received certain documents from Plaintiffs on May 22, 2014, it had not received responses to its Interrogatories or Document Requests. (*See* Email from Eric Konecke to Andrew Bradford of 6/4/2014). In light of Narragansett's response, the Court entered an Order requiring Plaintiffs to produce all outstanding responses to Narragansett's Interrogatories and Document Requests by June 18, 2014. (Text Order of 6/4/2014; Docket Entry No. 7). Plaintiffs failed to produce their overdue discovery responses as required by the Court's Order. Given Plaintiffs' failure to comply with this Court's Order and produce the

outstanding discovery, on July 11, 2014, Narraganset filed the instant motion seeking to dismiss Plaintiffs' Complaint pursuant to Rule 37(b)(2)(A).

On July 14, 2014, the Court conducted a telephone conference in this matter. Plaintiffs' representative appeared on the conference. The Court instructed Plaintiffs to produce the outstanding discovery and either work out a withdrawal of Narragansett's motion to dismiss with Narragansett or file a response to the motion. The Court also advised Plaintiffs that it would likely approve a one to two week extension of time for filing opposition papers if requested. Finally, the Court advised Narragansett that moving forward, with respect to other Hurricane/Superstorm Sandy cases, Narragansett could avoid motion practice and simply write the Court to advise it of any ongoing discovery concerns and then the Court would move the matter forward by way of order to show cause or other process.

Despite the Court's instructions, Plaintiffs did not produce the outstanding discovery responses. Similarly, Plaintiffs did not oppose Narragansett's motion to dismiss. Nor did Plaintiffs seek an extension of time to respond to Narragansett's motion.

## Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of

3

>    sanctions other than dismissal, which entails an analysis of
>    alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of this matter with prejudice. In so doing, as noted above, the Court is aware that despite having the opportunity to respond to Narragansett's motion to dismiss, Plaintiffs have not opposed same. Instead, as largely has been the case throughout the entirety of this litigation, the Court has heard only crickets. Indeed, Plaintiffs' uncompromising irresponsiveness has left the Court, much like Pink Floyd, questioning, "Hello, Is there anybody in there? Just nod if you can hear me. Is there anyone at home? . . . I'll need some information first[.] Just the basic facts[.]" PINK FLOYD, *Comfortably Numb*, *on* THE WALL (Columbia Records 1979). Unlike with the rock band, however, Plaintiffs' reticence has left the Court uncomfortably numb. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Plaintiffs' case with prejudice:

1. **Plaintiffs' Personal Responsibility:** The Court cannot definitively place the blame for Plaintiffs' failure to comply with its Orders of March 14, 2014 and June 14, 2014 as well as its email of May 20, 2014 on Plaintiffs themselves. Instead, the fault here could lie with Plaintiffs, their attorney or a combination of the two. Whether counsel failed to reach out to his clients to obtain the information required by the Court, whether Plaintiffs themselves failed to respond to counsel's inquiries or whether Plaintiffs decided to abandon their claims and counsel failed to so inform the Court, the Court cannot say. What the Court does know is that Plaintiffs, either on their own

accord or because of counsel, clearly dropped the ball. Since the Court cannot categorically attribute this failure to Plaintiffs, themselves, the Court finds this factor to be neutral.

2. **Prejudice to Defendant:** Plaintiffs' failure to comply with this Court's Orders has caused manifest injustice to Narragansett. Plaintiffs initiated this action and have done essentially nothing since filing the Complaint. This is true despite court orders requiring action on the part of Plaintiffs. Plaintiffs' failures in this regard have made it impossible for Narragansett to effectively defend against Plaintiffs' claims. These failures, and the attendant prejudice to Narragansett, support the dismissal of this case with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Plaintiffs have a history of dilatoriness. Plaintiffs failed to produce discovery as required by the Court's March 14, 2014 Letter Order. This failure persisted, despite the fact that on May 20, 2014 the Court instructed Plaintiffs to produce the outstanding discovery and then again on June 4, 2014 entered another Order requiring Plaintiffs to produce all outstanding discovery. Plaintiffs' inaction in this regard supports the dismissal of their claims with prejudice.

4. **Willfulness or Bad Faith:** The Court does not on this record find that Plaintiffs proceeded in bad faith. The Court does, however, find that Plaintiffs' conduct has been willful. The record of Plaintiffs failing to comply with this Court's Orders supports a finding of willfulness. It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanction:** The record of Plaintiffs' unresponsiveness to Narragansett, despite this Court's Orders, suggests that alternative sanctions would be

futile. Despite being instructed to produce discovery three separate times by the Court, Plaintiffs failed to do so. Moreover, even after Narragansett moved to dismiss their case, Plaintiffs did not produce the outstanding discovery or even respond to the motion to dismiss. On these facts, the Court finds that no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the stage of proceedings and Plaintiffs' failure to produce discovery, the Court is unable to determine the meritoriousness of their claims.

Under these circumstances, the Court finds that dismissal of Plaintiffs' claims with prejudice is warranted. Plaintiffs voluntarily filed this cases. After doing so, they have essentially taken no steps towards advancing same to trial. Plaintiffs have failed to comply with their discovery obligations. This failure persisted despite the fact that the Court instructed Plaintiffs on multiple occasions to produce their outstanding discovery responses. Further, even when faced with Narragansett's pending motion to dismiss, Plaintiffs have done nothing. Plaintiffs' failures demonstrate a pattern of non-compliance with this Court's Orders and their obligations under the Federal Rules of Civil Procedure, a failure to prosecute this matter, which they initiated against Narragansett, and an utter disregard for this Court. As a result, this Court respectfully recommends that Plaintiffs' case be dismissed with prejudice.

The Court also recommends that Narragansett's request for expenses pursuant to Rule 37(b)(2)(C) be granted too. The Court finds that Plaintiffs' failures in this case were not substantially justified nor does the Court find that there are any other circumstances that would make an award of expenses unjust. Instead, the Court finds that on the facts of this case, an

award of expenses is entirely appropriate.  The Court further finds that these expenses should be paid by Plaintiffs' counsel.

As noted above, the Court cannot definitively place the blame for Plaintiffs' failures to meet their discovery obligations and comply with the Court's Orders on Plaintiffs' themselves. What the Court does know for certain, however, is that Plaintiffs' counsel knows how to contact the Court.  Plaintiffs' counsel is involved in numerous Hurricane/Superstorm Sandy cases pending in this District and, more specifically, before the undersigned.  He has participated in telephone conferences with the Court and has the Court's contact information, including the undersigned's telephone and fax numbers, email address and street address.  Counsel easily could have and should have contacted the Court and his adversary to relay what was happening, even if only to report that his clients were being recalcitrant, if that was the case.  Instead, Plaintiffs' counsel repeatedly failed to offer any response on behalf of his client.   This is unacceptable.  As a result, under the circumstances presented here, the Court shall require Plaintiffs' counsel to pay Narragansett's expenses pursuant to Rule 37(b)(2)(C).  Should this Report and Recommendation be adopted, the Court instructs Narragansett to submit a fee petition within two weeks thereof.

## Conclusion

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors;

IT IS on this 8th day of October, 2014,

RECOMMENDED that Plaintiffs' Complaint be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation and terminate the aforementioned motion [Docket Entry No. 8] accordingly.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
